FILED BY LC D.C.
OCT 30 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**JAMES MICHAEL MILLER,**

Plaintiff,

**v.**

**UNITED STATES OF AMERICA;**

**TODD BLANCHE**, United States Attorney General ("**AG**"), in his official capacity;

**KASH PATEL**, Director of the Federal Bureau of Investigation ("**FBI**"), in his official capacity;

**ROBERT CEKADA**, Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("**ATF**"), in his official capacity,

Defendants.

Case No.________________________

**COMPLAINT**

**18 U.S.C. § 925A**

## INTRODUCTION

1. Plaintiff was granted full relief from all firearm restrictions on August 9, 2021 by Court Order ("**the Order**"). On September 10, 2026, the ATF denied a Form 4 based on erroneous information from the FBI, using one or more of its criminal record databases: the *Interstate Identification Index* ("**III**"); *National Crime Information Center* ("**NCIC**"); and/or the *National Instant Criminal Background Check* System ("**NICS**").

The FBI has not only failed to correct their administrative negligence, but refuses to comport to 28 C.F.R. § 25.10(a)–(b) by denying Plaintiff's Pre-Challenge request to: (1) identify each index showing the erroneous information; and (2) identify the originating agency or court NICS used to deny under Title 18 U.S.C. §§ 921(a)(20) and 922(g)(l), so the error can be cured. Plaintiff's civil rights are being denied as a direct result.

Despite Plaintiff's repeated efforts to resolve, the FBI has chosen judicial intervention.

## PARTIES

2. Plaintiff *James Michael Miller*, is a natural born United States citizen over the age of 18, and resident of Indian River County, at 505 26th Ave, Vero Beach, Florida 32962; and a Class 07 Federal Firearms Licensee ("FFL") as sole manager of *JM WEAPONS, LLC.*

3. Defendant *United States of America* is sued pursuant to **18 U.S.C. § 925A**.

4. Defendant *Todd Blanche*, as Attorney General of the Department of Justice ("DOJ"), oversees the ATF and FBI, and is therefore named in his official capacity, as any relief granted against the United States under 18 U.S.C. § 925A flows through the DOJ. Official capacity follows the office.

5. Defendant *Kash Patel,* as Director of the FBI, is named in his official capacity, in that the FBI, through its Criminal Justice Information Services Division ("CJIS"), maintains the Interstate Identification Index (III), the National Crime Information Center (NCIC), and the NICS Indices which were erroneously used to deny Plaintiff's Form 4 under NICS Transaction Number ("NTN") 10451NJRZ. Official capacity follows the office.

6. Defendant *Robert Cekada*, as Director of the ATF, is named in his official capacity, as the ATF, through its National Firearms Act ("NFA") Division, is the issuing authority of ATF Form 4 applications under 26 U.S.C. § 5812, and 27 C.F.R. § 479.84; and is responsible for the disapproval of Plaintiff's application under control No. 20263767273. Official capacity follows the office.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 18 U.S.C. § 925A and 28 U.S.C. § 1331. Venue is proper in this District because Plaintiff resides and works here. 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND, 2021

8. On August 9, 2021, the Circuit Court of Knox County, Illinois, in Case No. 21-CH-0012, issued the Order to set aside the firearm restrictions arising from convictions 86-CF-124, 87-CF-7, and 90-CF-204, to fully restore Plaintiff's firearm rights; and directed the Illinois State Police ("**ISP**"), per 430 ILCS 65/10(f), to update NICS-accessible databases and notify the AG's office that the basis for the record no longer applies (**Exhibit "A"**).

8a. That Order found the elements of 430 ILCS 65/10(c) satisfied and set aside the firearm restrictions imposed under 720 ILCS 5/24-1.1(a) for 86-CF-124, 87-CF-7, and 90-CF-204, and restored Plaintiff's right to possess a firearm. It does not state that Plaintiff may not ship, transport, possess, or receive firearms. Under 18 U.S.C. § 921(a)(20), a state conviction for which firearm rights have been restored is not a disabling conviction under § 922(g)(1) unless the restoration expressly retains that disability.

8b. Plaintiff has not been arrested, charged, or convicted of a felony or any other firearm restricting crime, in any jurisdiction, other than the three Illinois cases named in the Order. (*See* Declaration of James Michael Miller, filed herewith.)

9. On August 13, 2021, Plaintiff applied for a Florida concealed-weapon license and supplemented the application on August 16 (**Exhibit "B"**).

10. On August 19, 2021, the Florida Department of Agriculture and Consumer Services ("FDACS") denied Plaintiff's concealed carry application WY3117643 under section 790.06(2)(n), because NICS reported he was prohibited under federal law (**Exhibit "C"**).

11. On September 13, 2021, Plaintiff appealed that denial by letter to Stephen Hurm, FDACS Director, Division of Licensing, with an Election of Rights (**Exhibit "D"**).

12. On September 17, 2021, the Illinois State Police (ISP), as a Point Of Contact ("POC") state, confirmed receipt of the Knox County Circuit Court Order dated August 9, 2021, restoring all firearm rights after felony conviction case numbers 86-CF-124, 87-CF-7, and 90-CF-204; noting that pursuant to the authority granted under 430 ILCS 65/10(c), firearm rights "*have been fully restored, including but not limited to, removing the disabilities imposed by 720 ILCS 5/24-3.1 restored,*" and the record with the National Instant Criminal Background Check System (NICS) "*has been updated*" (**Exhibit "E"**).

13. On September 30, 2021, FDLE cleared WY3117643, citing the record was associated with another person *or* had been removed from the NICS index (**Exhibit "F"**).

14. On November 12, 2021, FDLE denied Plaintiff's ATF Form 4473 for a firearm transfer, with non-approval number 26120860N. (The application remained with the FFL dealer.)

15. On November 22, 2021, Plaintiff appealed to FDLE and in his STATEMENT declared FDLE's "Jamison" (¶ B.) advised the NICS was clear, but the non-approval was based on the Illinois record, which contradicted the ISP verification (¶ 11) (**Exhibit "G"**).

16. On December 20, 2021, Plaintiff wrote FDLE counsel and conveyed his conversations with "Sam" and "Jamison at FDLE's records helpline, where his convictions were not shown on the NCIC or NICS indices, but two were shown on the III (**Exhibit "H"**).

17. On December 21, 2021, FDLE notified Plaintiff by letter that his appeal had been affirmed to approve his ATF Form 4473; explaining: "After a further review with the agency involved we have determined that you are eligible to buy a firearm in Florida. Your approval number is 26120860A. It added a further pursuit with the FBI to confirm records should be considered, by providing a request and fingerprint card (**Exhibit "I"**).

18. On December 28, 2021, the FBI mailed a letter to Plaintiff in response to a records request that was received in early January, 2022, showing that indeed the three Illinois felonies were still reflected, with no offset from the Order restoring rights (**Exhibit "J"**).

**THE INSTANT ISSUE, 2026**

19. On September 10, 2026, the ATF notified Plaintiff his September 2nd NFA Form 4 Application had been denied, following a "denied" result from an FBI NICS background check, with a NICS Transaction Number ("NTN") issued: 10451NJRZ (**Exhibit "K"**).

20. On September 11, 2026, via USPS Priority Mail, Plaintiff submitted letter stipulating it as a "Pre-Challenge" Request to FBI NICS, pursuant to 28 C.F.R. § 25.10(a), with three questions: (**1**) The prohibitory category NICS applied to this NTN; (**2**) Which FBI file or files produced the hit; and (**3**) The originating agency or court for the record NICS used. The FBI signed receipt of same on September 15, 2026 (**Exhibit "L", pp. 1 and 6**).

21. On September 27, 2026, Plaintiff received an email from "Agent Brady" (ID/3009SDC) of NICS Customer Service, characterizing the Pre-Challenge as a "Challenge," and premised that conclusion to note that the Fix NICS Act of 2017 required them to provide a written response within 60 **calendar** days; or a reason for the denial only would receive a response within five **business** days; and asked any further question be directed to [this] message in preserving the entire email chain (**Exhibit "N"**, p. JM-011).

22. On September 28, 2026, Plaintiff emailed Agent Brady at 6:01 a.m. and again at 10:14 a.m. clarifying that the September 11 letter was a reason request under 28 C.F.R. § 25.10(a)–(b), not a Challenge under § 25.10(c) and not a Voluntary Appeal File ("VAF"), and asking that the three items be mailed. Plaintiff stated that failure to do so would be treated as a refusal (**Exhibit "N"**, pp. JM-012, JM-016).

23. At 9:33AM, Agent Brady stated the NTN noted in Plaintiff's subject line is only associated with the Challenge request, and "not the reason for denial," noting Plaintiff will need to submit a new request and select "request reason for denial in the drop down box." An erroneous option, since Plaintiff never submitted anything through the EDO portal in the first place; only by U.S. Mail on September 11. (**Exhibit "N"**, p. JM-015)

24. At 10:14AM, Plaintiff responded to Agent Brady, that NICS received his formal request by mail under 28 C.F.R. § 25.10(a)–(b) on September 15, 2026, which was captioned "*External Pre-Challenge — Request for Reason for Denial,*" not an application under § 25.10(c) or a VAF request, and not an EDO application, as the letter satisfies § 25.10(a); FBI NICS obligations required a response pursuant to 28 C.F.R. § 25.10(b), and if NICS failed to reply as requested, it was considered REFUSED (**Exhibit "N"**, p. JM-016).

25. At 10:33AM, Agent Brady replied to Plaintiff that "The analyst has been notified and will be sending your correspondence out," (**Exhibit "N"**, p. JM-017).

26. On October 5, 2026, Plaintiff received the FBI letter of September 28 ("the Response"), stating the denial was based on 18 U.S.C. §§ 921(a)(20) and 922(g)(1). It failed to identify the indexes and the record; and rebranded the request as a "NICS-Related Challenge," and stated anything further required a fingerprint card (**Exhibit "M"**).

27. On October 6, 2026, Plaintiff emailed Agent Brady the Response failed to answer all three element questions, and despite Plaintiff's September 28, 2026 notice of the legal standing to comply, FBI NICS continued to rebrand the request as a Challenge, and refused to answer, leaving only relief under 18 U.S.C. 925A (**Exhibit "N"**, p. JM-019).

28. At 6:43AM on October 7, 2026, Plaintiff emailed a follow up notice to Agent Brady that he does *not contest identity*, and if a complete answer was not received by October 9, 2026, Plaintiff would pursue relief under U.S.C. § 925A (**Exhibit "N"**, p. JM-021).

29. At 9:24AM, Agent Brady replied that Plaintiff had only requested the reason for the denial within their website and a response letter as to why he was denied was mailed on 9/30; adding: "*The only way to find out the additional information you are requesting, you will need to submit a Challenge request with a set of fingerprints.*" This is erroneous and contradicts the US Mail submitted September 11 letter (**Exhibit "N"**, p. JM-022).

30. At 2:10PM, Plaintiff replied to Mr. Brady, setting forth the legal elements already enumerated *ad nauseam,* and as a result of their Section having repeatedly ignored and rebranded the pre-challenge request, to treat compliance with § 25.10(b) as unnecessary, that relief under 18 U.S.C. 925A would be filed (**Exhibit "N"**, p. JM-023).

31. On October 7, 2026, Plaintiff sent a hard copy letter with all communication history attachments, via USPS Priority Mail, to Timothy A. Ferguson, Assistant Director, FBI CJIS Division, Clarksburg, WV, with a deadline of October 16, 2026, as an opportunity to avert judicial intervention. The letter was received on October 13, 2026. A.D. Ferguson failed to respond (**Exhibit "O"**).

32. On October 12, 2026, Plaintiff, as a lawfully licensed FFL, wrote to his ATF Florida Acting Area Supervisor, Matthew Busey, to apprise him of the conflict between ATF and FBI in Plaintiff's records. The relevant documents surrounding NTN 10451NJRZ were attached. The following morning, Supervisor Busey called Plaintiff to confirm ATF's limitations in correcting NICS records; Plaintiff contemporaneously memorialized their exchange in an email at 10:45AM, October 13, 2026 (**Exhibit "P"**).

33. On October 21, 2026, Plaintiff spoke with Adam (ID 3371) of the NICS Section. Adam stated that a second Challenge had been filed on or about October 14 and was now closed. Plaintiff has filed nothing since the September 11 letter. Adam further stated that the FBI did not receive the fingerprints submitted to ATF, and the denial was based on name and date of birth (DOB) only; and no further information would be shared without a fingerprint card and 60-Days to respond. The conversation was abruptly terminated by Adam without explanation. Plaintiff emailed NICS Customer Service at 1:33PM, to memorialize the call, restating that no second Challenge was ever filed, and the two remaining questions of the Request continue to be refused (*see* **Exhibit "Q"** *and* Declaration of James Michael Miller, co-filed herewith).

34. On October 25, 2026, Plaintiff received a second, unsolicited letter from the FBI, dated October 19, 2026 but not mailed until October 22, 2026; after Plaintiff memorialized his October 21 conversation with Adam (ID3371) in an email to NICS (¶ 33 *Supra*). It repeated the same response as the FBI's September 28 dated letter, but now notified that it had closed Plaintiff's case and no further action will be taken until Plaintiff provides documentation and/or a fingerprint card (**Exhibit "R"**).

**GOVERNING LAWS**

35. The Fix NICS Act of 2017, amending 34 U.S.C. § 40901, requires the Attorney General to keep information submitted to or maintained by the FBI's National Instant Criminal Background Check System accurate and to provide for the timely removal of obsolete and erroneous names or information that may be cause for denial by a "denying agency."

36. 18 U.S.C. § 925A, enacted in 1993 under the Brady Act, provides that any person denied a firearm by the NICS System under § 922(s) or (t) because of erroneous information relating to the person, or who was not prohibited from receipt of a firearm under § 922(g) or (n), may bring an action against the United States for an enforceable order directing that the erroneous NICS information used by any denying agency be promptly corrected.

37. Under 28 C.F.R. § 25.10(a), the denying agency is required to provide a reason upon a written request for a denial by NICS. Subsection (b) requires a response within five business days and ties a fingerprint card to an appeal *if* the denied person contests the identity used for the denial. Subsection (c) provides a separate process for challenging the accuracy of the record, and/or asserting that firearm rights have been restored.

38. Under 18 U.S.C. § 921(a)(20), a conviction for which a state has restored the right to possess a firearm is not a disabling conviction under § 922(g)(1), unless the restoration expressly provides that the person may not ship, transport, possess, or receive firearms.

39. Illinois statutes 430 ILCS 65/10(c), provides an IL Circuit Court may grant relief from firearm disabilities imposed by 720 ILCS 5/24-1.1 if the applicant has not been convicted of a forcible felony within the preceding 20 years, the circumstances of the conviction are unlikely to recur, and the applicant is not likely to act in a manner dangerous to public safety. Upon entry of such an order, Subsection (f) directs the Illinois State Police to update NICS, and notify the Attorney General the basis for the record no longer applies.

## ISSUE BEFORE THE COURT

40. The issue before the Court is the *restoration of civil rights*, which Plaintiff has been *denied* by the administrative negligence of the FBI CJIS in 2021, and continues to this day, FIVE (5) years later. Not only has Plaintiff been denied his Second Amendment, but his **Fourth**, **Fifth** and **Fourteenth** Amendment civil rights are also denied *pro futuro*, by the imminent threat of unjust arrest that awaits by any lawful query of the FBI's NICS.

41. Plaintiff was granted full restoration of his Second Amendment rights by an Illinois Circuit Court Order in Knox County Illinois, Case No. 21-CH-0012, which found all elements of 430 ILCS 65/10(c) were satisfied; setting aside the firearm restrictions on IL state convictions 86-CF-124, 87-CF-7, and 90-CF-204; directing the Illinois State Police to update the FBI NICS database and notify the U.S. Attorney General (Exhibit "A").

42. On September 17, 2021, the Illinois State Police verified by letter they had updated NICS and notified the U.S. Attorney General that the basis for the prohibitive record no longer applied to the state felony convictions 86-CF-124; 87-CF-7 and 90-CF-204 (Exhibit "E").

43. The FBI has never correctly updated their NICS records to enter the August 9, 2021 Order restoring Plaintiff's Second Amendment rights, as evidenced by (1) their CJIS Division letter of December 28, 2021 responding to Plaintiff's fingerprint submitted request for his Identity History Summary, that still shows the felonies (Exhibit "J"); and (2) the FBI's September 10, 2026 "denied" status to Plaintiff's ATF Form 4 (Exhibit "K").

44. Compounding this negligence, is the FBI's disregard to accommodate proper requests to explain their arcane premises for a denial, by a deliberate, systemic policy of rebranding a request that does not question the denied party's I.D. under 28 C.F.R. § 25.10(a)–(b) with a response due within five business days, into a challenge under 28 C.F.R. § 25.10(c) that forces the denied party to submit fingerprints and defers their response for sixty days.

45. Because the FBI has failed to correct the record since 2021; and because the ISP letter of September 17, 2021 supplies *prima facie* evidence that the updated record was transmitted to the FBI, neither the Plaintiff nor the Court can rely on the FBI to correct the records without first identifying which NICS indexes failed, and without requiring the FBI CJIS to provide a sworn verification all offending NICS indices have been cured.

## ARGUMENT

46. The December 28, 2021 Identity History Summary (Exhibit "J") shows the three Illinois convictions, more than three months after the ISP's September 17, 2021 letter confirming the update had been done (Exhibit "E"). The only remaining defect is the FBI CJIS's failure to enter the August 9, 2021 restoration. That defect is not cured by another round of the same processes that failed in 2021. The now five-year exposure described in the Issue Before the Court is the concrete prejudice that converts the FBI's refusal into a claim under 18 U.S.C. § 925A, to restore Plaintiff's *Second, Fourth, Fifth* and *Fourteenth Amendment* civil rights, for which the FBI CJIS Division has shown total disregard.

47. The FBI's original check did not rely on fingerprints, as Adam (ID 3371) of the NICS Section explained in a conversation on October 21, 2026 (Exhibit "Q"). The denial of NTN 10451NJRZ was based on name and date of birth; the fingerprints supplied to ATF with the Form 4 were not used. The later demand for a new fingerprint card therefore cannot rest on any failure of identification in the NICS check that produced the denial. It rests solely on the identity Challenge the FBI rebranded and applied after the fact.

48. The FBI's continued refusal is only justified by their erroneous rebranding of Plaintiff's completed reason request as an identity Challenge. Under 28 C.F.R. § 25.10(a)–(b), a written request requires the reasons for the denial; however, a fingerprint card is referenced only for an appeal involving questions of identity. Plaintiff already established his identity by the FBI's December 28, 2021 fingerprint-based Identity History Summary (Exhibit "J"), and he expressly disclaimed any identity contest (Exhibit "N", JM-021). Once the FBI CJIS erroneously rebrands the request as a Challenge, it then conditions any further information upon a fingerprint card as the pretext to close the file. The October 19, 2026 letter (Exhibit "R") is that closure: it restates the *category* of offenses; demands a fingerprint card; and states that the case is closed and no further action will be taken. Without the rebranding, the FBI CJIS has no basis for withholding the index used, or the originating records, which Plaintiff needs to verify any corrections are complete.

49. Assistant Director Ferguson received written notice of the refusal and the October 16 deadline and did not respond (Exhibit "O"); indicating to any reasonable person the pattern of rebranding and closure is systemic by design, from the top-down.

## CLAIM FOR RELIEF
## 18 U.S.C. § 925A

50. Plaintiff was denied on NTN 10451NJRZ because NICS provided erroneous or incomplete information. The August 9, 2021 Order removed the firearm disability arising from the Illinois convictions. Under 18 U.S.C. § 921(a)(20), those convictions are not a current firearms prohibition. Plaintiff is not prohibited under § 922(g) or (n). ATF denied the transfer in reliance on that information (Exhibits "A" and "K").

51. On September 28, 2026, Agent Brady instructed Plaintiff to submit a new request through the EDO website dropdown selecting "request reason for denial." Plaintiff has never submitted any request through the EDO portal. The September 11 letter, received September 15, was already a completed reason request under 28 C.F.R. § 25.10(a). The portal instruction did not cure or recharacterize that request (Exhibit "N", p. JM-015).

52. On October 21, 2026, Adam (ID 3371) stated that a second Challenge had been filed on or about October 14 and was now closed. Plaintiff has filed nothing since the September 11 letter. The assertion of a second filing is erroneous and is separate from the rebranding of the original reason request (Exhibit "I").

53. Identification of the specific index or indices that produced the hit, and affirmative entry of the August 9, 2021 Order into III, NCIC, and the NICS Indices, are both required. Identification ensures the correction reaches every system that returned the prohibition. Entry of the Order ensures the restoration is reflected in the record rather than merely the absence of a prohibition flag. An order directing those steps, with sworn verification, is the remedy § 925A supplies.

54. Furthermore, the FBI CJIS Division's rebranding of a Pre-Challenge completed reason request under 28 C.F.R. § 25.10(a)–(b) as merely a Challenge under § 25.10(c) whenever the denied party does not contest identity, is a recurring practice that withholds the index or indices that produced the hit and the originating agency or court. A response limited to only the statutory category of offense is not in compliance with § 25.10(b). This practice must be precluded, and the Division must be required, on any such request, to identify both the index or indices used and the originating convictions, courts, or agencies, so that the denied party can verify that any correction is complete.

## PRAYER

**WHEREFORE**, Plaintiff respectfully moves the Court to:

1. Order the United States and the FBI Director, within ten (10) days, to identify in writing each index used within the NICS Indices system to produce (a) the prohibitive hit on NTN 10451NJRZ; (b) the originating agency or Court/s that generated the disqualifying records; and (c) the specific disqualifying convictions or dispositions within those jurisdictions.

2. Order the United States and the FBI Director, within ten (10) days, to correct all erroneous prohibitory information in each and all of the NICS dependent systems as they pertain to each and all of Illinois case numbers 86-CF-124, 87-CF-7, and 90-CF-204, and update the NICS Indices to reflect the August 9, 2021 Order.

3. Order the FBI Director, within twenty (20) days, to file a sworn verification the conditions set forth herein have been complied with, and the III, NCIC, and all other relevant NICS Indices no longer reflect a firearms prohibition by 86-CF-124, 87-CF-7, and 90-CF-204.

4. Order the ATF Director to show a return of a "proceed" response on any new, otherwise qualifying NICS-dependent applications by Plaintiff that stand in the absence of any new prohibitive records, and verify that any NFA or other regulatory ATF file recognizes the August 9, 2021 Order.

5. Order the AG to cause the FBI and ATF verifications to be filed with this Court.

6. Issue an injunction barring the FBI CJIS from rebranding, recoding or otherwise redefining a properly submitted reason for denial request under 28 C.F.R. § 25.10(a)–(b) into a Challenge per § 25.10(c), and requiring a fingerprint card with sixty (60) days to respond when the denied party's identity is not challenged, and whereby their response under § 25.10(a)–(b) shall identify: (1) each index or NICS indices bearing the prohibitive record; and (2) each agency or court used to deny an application under 18 U.S.C. §§ 921(a)(20), 922(g)(1), 922(g)(4), or 922(g)(9); and to do so within five (5) days receipt of a written request for the reason of denial.

7. Award costs under 28 U.S.C. §§ 1920 and 2412, and such other relief as is just.

Dated: October 30, 2026
**/s/JM Miller, *Pro Se***

505 26th Ave.
Vero Beach, FL 32962
954-978-2171 (JIMIL@aol.com)